UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAWRENCE DEMPSEY, as personal
Representative of the estate of NICOLE
DEMPSEY, deceased, for the benefit of
her survivors and estate

    Plaintiff,

v.	CASE NO.: 5-21-cv-0134

TOMMY FORD, in his official capacity, as
SHERIFF, BAY COUNTY, FLORIDA

    Defendant.

## REPORT OF THE PARTIES' PLANNING MEETING

Plaintiffs and Defendants pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Initial Scheduling Order **(ECF 6)**, submit their Joint Report of the Parties Planning Meeting. The categories below correspond to those set forth in Form 52, Fed. R. Civ. P., and the Court's Initial Scheduling Order.

1. **Meeting of the Parties**: Pursuant to Fed. R. Civ. P. 26(f), Marie Mattox, counsel for Plaintiff, and Alyssa Yarbrough, counsel for Defendants, conferred via electronic mail on July 14, 2021 and July 21, 2021.

2. **Initial Disclosures**: The parties will complete the initial disclosures required by Rule 26(a)(1) within 14 days of filing this report.

3. **Discovery Plan**: The parties respectfully request an extension of the parties' discovery schedule and modification to the Court's Initial Scheduling Order due to the civil rights nature of this action and the ongoing COVID-19 pandemic and the logistical difficulties related thereto, and propose the discovery plan:

(a) Discovery will be needed on these subjects:

All items referenced in Plaintiff's Complaint and Defendants' Answers and Affirmative Defenses, when filed;

(b) The parties will conduct discovery so that the due date of any discovery requested shall not be later than **January 14, 2022;**

(c) Interrogatories and the response time shall be governed by Rule 33, Federal Rules of Civil Procedure.

(d) Requests for admissions will be governed by Rule 36, Federal Rules of Civil Procedure.

(e) The maximum number of total depositions by all parties shall be ten (10) per side unless agreed to by the parties or approved by the Court.

(f) Depositions shall be limited to seven (7) hours unless extended by agreement of the parties or by court approval. The parties agree with conducting depositions by "zoom."

(g)     Dates for exchanging reports of expert witnesses under Rule 26(a)(2) are due:

from Plaintiff: **September 17, 2021;** and

from Defendant: **October 22, 2021.**

Rebuttal reports from Plaintiff are due **30 days** from Defendants' expert reports if any.

(h)     Supplementations under Rule 26(e) shall be done as soon as practicable as new information arises by each party.

(i)     The parties may request or produce information from electronic sources limited to data reasonably available to the parties in the ordinary course of business.  PDF is the preferred method of production when possible.  Reasonable measures have been taken to preserve potentially discoverable data. Should any party inadvertently produce privileged information that information shall be immediately returned to the producing party and not kept in any form by the party to whom it was erroneously sent.

4.     **Other Items:**

(a)     The parties do not request a conference with the court before entry of the scheduling order.

(b) The parties jointly propose that this case will be ready for final pretrial conference after **March 11, 2022**.

(c) Plaintiff shall have until **October 13, 2021**, to amend pleadings or to join additional parties.

(d) Defendants shall have until **November 10, 2021**, to amend pleadings or to join additional parties.

(e) Dispositive motions shall be served and filed no later than 21 days after the close of discovery.

(f) Settlement discussions will be pursued although the possibility of settlement at this time is unknown. The parties agree, and request of this Court, that mediation be postponed until such a time as dispositive motions may be ruled upon by this Court. There is a good faith belief that such rulings may serve to narrow the pending causes of action or eliminate them completely, which allows the parties to be more efficient.

(g) No ADR procedure might enhance settlement at this time.

(h) Final lists of witnesses and exhibits under Rule 26(a)(3) shall be filed as further ordered by the Court.

(i) Objections to the lists served pursuant to Rule 26(a)(3) shall be filed as further ordered by the Court.

(j) The parties jointly propose that this case will be ready for final pretrial conference and trial after **March 11, 2022.**

At this time, the parties estimate **4 days** for trial.

(k) Other Matters:

(i) The parties agree that this case should not be made subject to the Manual for Complex Litigation.

(ii) The parties discussed the matters required in this Court's Initial Scheduling Order, including magistrate judge jurisdiction;

(iii) The nature and basis of all claims and defenses, and a good faith attempt to identify the principal factual and legal issues in the dispute:

**(A)** **Nature and Basis of Plaintiff's Claims:**

Plaintiff has alleged state law claims for wrongful death, negligence and negligent training and supervision. She also brings this claim for deliberate indifference to medical needs brought through 42 U.S.C. §1983. The Estate seeks damages, attorneys' fees, and costs.

**(B)** **Nature and Basis of Defendant's Defenses:**

Defendant Tommy Ford, in his official capacity as Sheriff of Bay County, denies any and all liability associated with Plaintiff's claims and denies that Plaintiff is entitled to any relief whatsoever. Plaintiff is unable to

establish a violation of federal or state law and cannot establish that the Sheriff implemented or established any policy, custom, or practice that caused a violation of the Plaintiff's constitutional rights.  Defendant Sheriff is immune from liability based upon the doctrine of sovereign immunity.  Defendant Sheriff is also immune from liability based upon the provisions of §901.15(7), Florida Statutes.  Furthermore, Defendant Sheriff reserves the right to assert various affirmative defenses, if appropriate once the Court has ruled on the pending Motion to Dismiss.

DATED this 21st day of July 2021.

| | |
|---|---|
| */s/ Marie A. Mattox* <br> MARIE A. MATTOX, Esq. <br> Florida Bar No. 739685 <br> marie@mattoxlaw.com <br> MARIE A. MATTOX, P.A. <br> 203 N. Gadsden Street <br> Tallahassee, FL 32303 <br> Telephone No.: (850) 383-4800 <br> *Counsel for Plaintiff* | */s/ Alyssa M. Yarbrough* <br> Alyssa M. Yarbrough <br> Florida Bar No. 0103407 <br> pleadings@warnerlaw.us <br> WARNER LAW FIRM, P.A. <br> 501 W. 11th St. Suite A <br> Panama City, FL  32401 <br> Telephone No.: (850) 784-7772 <br> *Counsel for Defendant* |